UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL Q. BLACK,                       :
                     Plaintiff,         :
                                        :
          v.                            :          CA 11-265 M
                                        :
PETER F. KILMARTIN, the Attorney        :
General, CHARLES J. FOGARTY,            :
Director of the Department of           :
Labor and Training, and                 :
J.P. MORGAN CHASE,                      :
                     Defendants.        :


**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge


    On June 30, 2011, Plaintiff Michael Q. Black ("Plaintiff")
removed this action from the Providence County Superior Court. See
Notice of Removal (Docket ("Dkt.") #1). However, the law is clear
that a plaintiff may not remove his own action. See Rigaud v.
Broward Gen. Med. Ctr., 346 Fed. Appx. 453, 454 (11th Cir.
2009)("Rigaud, as a plaintiff, could not remove her own action");
Martocchio v. Savoir, No. 3:09mc358 (DFM), 2009 WL 3248673, at *1,
(D. Conn. Oct. 7, 2009)("The law is clear, however, that a plaintiff
cannot remove his own action from state to federal court.");
McCullough v. Fox, No. 407CV931 SNLJ, 2009 WL 2913569, at *3 n.6
(E.D. Ark. Sept. 9, 2009)(same); see also Mitskovski v. Buffalo &
Fort Erie Pub. Bridge Auth., 435 F.3d 127, 132 n.4 (2nd Cir.
2006)("the provisions of 28 U.S.C. § 1441(a) ... authorize removal
only by the defendant"); Hamilton v. Aetna Life & Cas. Co., 5 F.3d

642, 644 (3rd Cir. 1993)(noting "that there was no authority permitting [plaintiff] to remove his own action"); Okot v. Callahan, 788 F.2d 631, 633 (9th Cir. 1986)("Okot, as the petitioner in the state court proceeding, had no power to remove his own case. Removal is available only to defendants.").

Accordingly, this Court lacks jurisdiction over the action, and it should be summarily remanded to the Providence County Superior Court. I so recommend. See Hood v. Wal-Mart Stores, Inc., No. 3-08-CV-1157-M, 2008 WL 3891960, at *1 (N.D. Tex. Aug. 20, 2008)("Because there is no legal basis for a plaintiff to remove his own case, this action should be summarily remanded to state court.); see also Claxton v. Arizona, Nos. 92-16324, 92-16326, 1993 WL 191871, at *1 (9th Cir. June 4, 1993)(noting that "the district court remanded the action for lack of jurisdiction because Claxton, the plaintiff, may not remove his own action from state court").

## Conclusion

Accordingly, for the reasons stated above, I recommend that the action be remanded to the Providence County Superior Court. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v.

Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart,

Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 6, 2011